UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN OSBORNE, GLORIA OSBORNE, <br><br> Plaintiffs, <br><br> v. <br><br> PITE DUNCAN, LLP, *et al.,* <br><br> Defendants. | Civil No. 11cv930 L (WVG) <br><br> **ORDER GRANTING MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE [doc. #7]** |

Defendants Pite Duncan, LLP, Jason Short and Carla Stalcup[1] move to dismiss the above-captioned case under Federal Rule of Civil Procedure 12(b)(6) and to strike the complaint under California Code of Civil Procedure 425.16. Defendants also request an award of attorneys' fees and costs if their special motion to strike is granted.

Plaintiffs, who are represented by counsel, were required under the Civil Local Rules, to file an opposition to defendants' motion on or before July 11, 2011. *See* Civ. L.R. 7.1.e.2. But plaintiffs have not opposed the motion nor have they sought additional time in which to respond to the motion to dismiss or to strike the complaint.

Civil Local Rule 7.1.f.3.c provides that "[i]f an opposing party fails to file papers in the

---

[1] Defendant U.S. Bank National Association has not been served. Because the time for service of process under Federal Rule of Civil Procedure 4(m) has passed, U.S. Bank is dismissed from this action.

manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other ruling by the court." When an opposing party receives notice under Federal Rule of Civil Procedure 5(b) and is given sufficient time to respond to a motion to dismiss, the Court may grant the motion based on failure to comply with a local rule. *See generally Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Here, plaintiffs were properly served with defendants' motion, which was filed on May 27, 2011, and therefore, they had six weeks to oppose the motion. Because the motion to dismiss and to strike the complaint is unopposed, and relying on Civil Local Rule 7.1(f.3.c), the Court deems plaintiffs' failure to oppose defendants' motion as consent to its granting.

Further, California Code of Civil Procedure § 425.16(c), provides: "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Under this provision, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses,* 24 Cal.4th 1122, 1131 (2001). But a defendant who brings a successful special motion to strike is entitled only to reasonable attorney's fees. The Court will permit the filing of a motion for attorneys' fees and cost.

Based on the foregoing, **IT IS ORDERED**:

1. Defendants' motion to dismiss the complaint is **GRANTED**;
2. Defendants' special motion to strike the complaint is **GRANTED**; and
3. If defendants wish to file a motion for attorneys' fees and costs, they must do so within ten days of the filing of this Order. Defendants shall contact chambers in order to obtain a hearing date prior to the filing of their motion for attorneys' fees.

**IT IS SO ORDERED.**

DATED: January 12, 2012

                                                                         *M. James Lorenz*
                                                                M. James Lorenz
                                                         United States District Court Judge

///

///

1  COPY TO:

2  HON. WILLIAM V. GALLO
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL